UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JASON C. BROWN,<br><br>　　　　　Defendant. | Case No. 3:24-cr-05028-TMC<br><br>ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE |

Before the Court is Defendant Jason Brown's motion for early termination of supervised release. Dkt. 3. The Court has thoroughly considered Mr. Brown's motion, the response from the United States, Dkt. 7, and the memorandum from Brown's probation officer, Dkt. 8. The United States and the probation office oppose the motion. For the reasons explained below, the Court GRANTS the motion.

### I.    BACKGROUND

Brown pleaded guilty in 2015 to Distribution of Controlled Substances and Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841. In a separate trial, he was convicted of Conspiracy to Obstruct Justice in violation of 18 U.S.C. § 1513(e). *See* Dkt. 3 at 2; Dkt. 2-1 at 1. In November 2016, the Honorable Rosanna Malouf Peterson of the U.S. District

ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE - 1

Court for the Eastern District of Washington sentenced Brown to a total of 135 months imprisonment and three years of supervised release. Dkt. 3 at 2; Dkt. 2-1 at 2–3.

Brown served just under ten years in prison and began his term of supervised release on June 6, 2023. He has completed nearly 23 of 36 months and the term will expire on June 5, 2026. Dkt. 8 at 1. The parties agree that Brown has performed well on supervised release. He has complied with all conditions, provided all negative urine samples for drug testing, and maintained stable housing and employment. *Id.* He recently completed a mental health assessment and no treatment was recommended. *Id.* Brown's materials in support of his motion also show that he has a strong network of pro-social family and friends. *See* Dkt. 5. He lives with his sister, where he pays rent and helps care for family members and maintain the household. Dkt. 5 at 4. His supervisor at work attests that he is reliable and dedicated, and his pastor writes that he is an active participant and volunteer at church. Dkt. 5 at 9, 11.

The United States does not contest Brown's evidence. It opposes Brown's motion, however, based on the seriousness of his crimes and his lengthy criminal history. Dkt. 7. For the same reasons, the probation office does not endorse early termination of supervised release. Dkt. 8.

## II.   DISCUSSION

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Section 3583(e) provides that, after considering a subset of the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when

determining whether to grant early termination." *Emmett*, 749 F.3d at 819. The statute does not "necessarily require a showing of exceptional behavior for early termination of supervised release," but exceptionally good behavior by the defendant is one factor that may warrant granting such a motion. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

The Section 3553(a) factors a court must consider when deciding whether to terminate a term of supervised release are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment; the applicable guidelines and policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3583(e) (citing 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

The Court has considered the relevant Section 3553(a) factors as applied to Brown. In this case the most significant factors are the circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to deter criminal conduct, protect the public, and provide needed correctional treatment. As the government and probation note, the offense conduct was serious, and Brown had a long criminal history before his ten-year prison sentence. But Brown's performance on supervised release has been exemplary, and the record presented to the Court shows that he has done everything that can be hoped for during this portion of his sentence: he has maintained stable housing with dedicated and pro-social family members; he has held down a good job; he has rebuilt strong relationships with family and friends; he has completed all the affirmative requirements of supervised release; and he has had no violations. This shows that the interest in maintaining Court supervision to protect the public, deter criminal conduct, and provide treatment for Brown has been significantly reduced. On balance, the Court finds that the relevant Section 3553(a) factors weigh in favor of early

ORDER GRANTING MOTION FOR TERMINATION OF SUPERVISED RELEASE - 3

termination of supervised release, as warranted by Brown's conduct on supervision and in the interests of justice.

### III.  CONCLUSION

For the foregoing reasons, the Court finds pursuant to 18 U.S.C. § 3583(e) that termination of supervised release for Mr. Brown is warranted by his conduct and the interest of justice. The Court ORDERS that Mr. Brown's term of supervised release be terminated, effective immediately.

The Clerk is directed to send copies of this Order to all counsel of record and to the United States Probation Office.

Dated this 2nd day of May, 2025.

Tiffany M. Cartwright
United States District Judge